UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-30238-MAP

| | |
|---|---|
| **MARK AFFHAUSER** <br> Plaintiff, <br> vs. <br> **SPRINGFIELD TERMINAL** <br> **RAILWAY COMPANY and** <br> **BOSTON & MAINE CORPORATION** <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, AND BOSTON & MAINE CORPORATION'S, MOTION TO DISMISS THE PLAINTIFF'S BOILER INSPECTION ACT CLAIMS, PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COME the defendants, Springfield Terminal Railway Company and Boston & Maine Corporation, and move this Honorable Court, pursuant to F.R.C.P. 12(b)(6), to dismiss the plaintiff's claims brought pursuant to the Boiler Inspection Act, 45 U.S.C. §§ 22-34. Based upon the allegations contained within the plaintiff's Complaint, the claims brought pursuant to the Boiler Inspection Act do not apply because no locomotive or locomotive equipment or appurtenance is alleged to have caused the plaintiff's damages and injuries.

### STATEMENT OF THE CASE

The plaintiff has brought suit against the defendants alleging that he was caused to suffer occupational carpal tunnel syndrome as a result of his alleged exposure to repetition, force, vibration and awkward wrist position during the course of his employment with the defendants since 1979. The plaintiff does not allege that he suffered injuries as a result of an isolated incident nor does he allege that his injuries were caused by any defective appliance or equipment on any locomotive or railroad car.

The plaintiff has asserted claims against the defendants, pursuant to the Boiler Inspection Act, 45 U.S.C. §§ 22-34[1].

### LEGAL ARGUMENT

The Locomotive Inspection Act, 49 USCS § 20701, prohibits railroad companies from operating any locomotive unless the "locomotive or tender, and its parts and appurtenances are in proper condition and safe to operate without unnecessary danger of personal injury ..." A carrier cannot be held liable under the statute for failure to install equipment on a locomotive unless the omitted equipment: (1) is required by federal regulations; or (2) constitutes an integral or essential part of a completed locomotive. Mosco v. Baltimore & Ohio Railroad, 817 F.2d 1088,

---

[1] The Boiler Inspection Act was repealed and amended and re-codified on July 5, 1994 as the Locomotive Inspection Act, 49 USCS § 20701 et seq.

1091 (4th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 108 (1987) (interpreting the former Boiler Inspection Act). Moreover, liability under the statute attaches only under circumstances where the alleged injury resulted from the condition of a defective or unsafe locomotive which is "in use" at the time of an alleged accident. Crockett v. Long Island Railroad, 65 F.2d 274, 277 (2nd Cir. 1995) (interpreting the former Boiler Inspection Act).

In the instant case, the plaintiff alleges that he suffered occupational carpal tunnel syndrome due to his exposure to occupational risk factors including, but not limited to, repetition, force, vibration and awkward wrist position during the course of his employment in and around the area of North Adams, Massachusetts. The plaintiff does not allege that his injuries were caused by any defect in any locomotive or locomotive part or appurtenance nor does he allege that his injuries were caused by a defect in a locomotive which was "in use." Absent evidence that his injuries were caused by a defect in a locomotive which was "in use" at the time of an alleged accident, the plaintiff's claims pursuant to the Locomotive Inspection Act fail as a matter of law.

WHEREFORE, the defendants, Springfield Terminal Railway Company and Boston & Maine Corporation, respectfully request that this Honorable Court dismiss the plaintiff's claims alleging causes of action under the Federal Boiler Inspection Act, for failure to state a claim upon which relief can be granted, pursuant to F.R.C.P. 12(b)(6).

## LOCAL RULE 7.1 CERTIFICATION

I, John J. O'Brien, Jr., counsel for the Defendants, hereby certify that on January 18, 2005, I forwarded a copy of this Motion to all counsel of record, pursuant to Local rule 7.1, requesting a conference to discuss the issues raised herein. As of February 7, 2005, no response or other contact has been received from counsel to our request. Thus, the requirements of Local Rule 7.1 have been complied with in regards to the filing of this Motion.

## THE DEFENDANTS RESPECTFULLY REQUEST A HEARING ON THE ISSUES RAISED HEREIN.

Respectfully submitted,
By the defendants,
Springfield Terminal Railway Company and
Boston & Maine Corporation,
By their attorneys,

John J. O'Brien, Jr.
BBO # 375885
O'Brien & von Rosenvinge, P.C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
Tel.: (781) 239-9988
Fax: (781) 239-3360

Date:   February 7, 2005

CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the Defendant in the within action, hereby certify that I have this day served a copy of

**DEFENDANTS, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, AND BOSTON & MAINE CORPORATION'S, MOTION TO DISMISS THE PLAINTIFF'S BOILER INSPECTION ACT CLAIMS, PURSUANT TO FED. R. CIV. P. 12(b)(6)**

by mailing a copy thereof, postage prepaid, to:

Thomas J. Joyce, III, Esq.  
Hannon & Joyce  
Public Ledger Building, Suite 1000  
150 South Independence Mall West  
Philadelphia, Pennsylvania 19106-3413

Michael J. McDevitt, Esq.  
Lawson & Weitzen, LLP  
88 Black Falcon Avenue, Suite 345  
Boston, MA 02210

John J. O'Brien, Jr.

Date: February 7, 2005