UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-30238-MAP

| | |
|---|---|
| **MARK AFFHAUSER** ) <br> **Plaintiff,** ) <br> vs. ) <br> **SPRINGFIELD TERMINAL** ) <br> **RAILWAY COMPANY and** ) <br> **BOSTON & MAINE CORPORATION** ) <br> **Defendants.** ) | |

**DEFENDANTS, SPRINGFIELD TERMINAL RAILWAY COMPANY
AND BOSTON & MAINE CORPORATIONS', MOTION
TO DISMISS THE PLAINTIFF'S FEDERAL SAFETY
APPLIANCE ACT CLAIMS, PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COME the defendants, Springfield Terminal Railway Company and Boston & Maine Corporation, and move this Honorable Court, pursuant to F.R.C.P. 12(b)(6), to dismiss the plaintiff's claims brought pursuant to the Federal Safety Appliance Act, 29 U.S.C. §§ 1 et seq. Based upon the allegations contained within the plaintiff's Complaint, the claims brought pursuant to the Federal Safety Appliance Act do not apply because no equipment or appurtenances covered under the statute are alleged to have caused the plaintiff's damages and injuries.

**STATEMENT OF THE CASE**

The plaintiff has brought suit against the defendants alleging that he was caused to suffer occupational carpal tunnel syndrome as a result of his alleged exposure to repetition, force, vibration and awkward wrist position during the course of his employment with the defendants since 1979. The plaintiff does not allege that he suffered injuries as a result of an isolated incident nor does he allege that his injuries were caused by any defective appliance or equipment

on any railroad car.

The plaintiff has asserted claims against the defendants, pursuant to the Safety Appliance Act, 49 U.S.C. §§ 1 et seq.[1]

## LEGAL ARGUMENT

The Safety Appliance Act, 49 USCS § 20302, sets forth a specific list of equipment which a railroad must have on each type of car it operates: ladders; brakes; automatic couplers, hand holds, running boards; etc. Liability under the Safety Appliance Act requires the plaintiff to present evidence that his alleged injury was due to a defect in the equipment enumerated in the statute. To the extent that a claim is brought alleging a defect in equipment not enumerated in the Safety Appliance Act, any claim premised on the Safety Appliance Act fails, as a matter of law. Jordan v. Southern Railway Company, 970 F.2d 1350, 1354 (C.A. 4th Cir. 1992).

In the instant case, the plaintiff alleges that he suffered occupational carpal tunnel syndrome due to his exposure to occupational risk factors including, but not limited to, repetition, force, vibration and awkward wrist position during the course of his employment in and around the area of North Adams, Massachusetts. The plaintiff does not allege that his injuries were caused by any defect in any railroad car. Absent evidence that his injuries were caused by a defect in railroad car equipment specifically enumerated in the Federal Safety Appliance Act, the plaintiff's claims pursuant to this statute fail as a matter of law.

WHEREFORE, the defendants, Springfield Terminal Railway Company and Boston & Maine Corporation, respectfully request that this Honorable Court dismiss the plaintiff's claims alleging causes of action under the Federal Safety Appliance Act, for failure to state a claim upon

---

[1] The Federal Safety Appliance Act was repealed and amended and re-codified on July 5, 1994 as 49 USCS §§ 20302.

which relief can be granted, pursuant to F.R.C.P. 12(b)(6).

## LOCAL RULE 7.1 CERTIFICATION

I, John J. O'Brien, Jr., counsel for the Defendants, hereby certify that on January 18, 2005, I forwarded a copy of this Motion to all counsel of record, pursuant to Local rule 7.1, requesting a conference to discuss the issues raised herein. As of February 7, 2005, no response or other contact has been received from counsel to our request. Thus, the requirements of Local Rule 7.1 have been complied with in regards to the filing of this Motion.

**THE DEFENDANTS RESPECTFULLY
REQUEST A HEARING ON THE ISSUES RAISED HEREIN.**

                Respectfully submitted,
                By the defendants,
                Springfield Terminal Railway Company and
                Boston & Maine Corporation,
                By their attorneys,

                John J. O'Brien, Jr.
                BBO # 375885
                O'Brien & von Rosenvinge, P.C.
                27 Mica Lane, Suite 202
                Wellesley, MA 02481
                (781) 239-9988

DATED: February 7, 2005

## CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendants, Springfield Terminal Railway Company and Boston & Maine Corp., hereby certify that on this date I forwarded true copies of: DEFENDANTS, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, AND BOSTON & MAINE CORPORATION'S, MOTION TO DISMISS PLAINTIFF'S FEDERAL SAFETY APPLIANCE ACT CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6) by first class mail,

postage pre-paid to the following counsel of record:

| | |
|---|---|
| Thomas J. Joyce, III, Esq.<br>Hannon & Joyce<br>Public Ledger Building, Suite 1000<br>150 South Independence Mall West<br>Philadelphia, Pennsylvania 19106-3413 | Michael J. McDevitt, Esq.<br>Lawson & Weitzen, LLP<br>88 Black Falcon Avenue, Suite 345<br>Boston, MA 02210 |

John J. O'Brien, Jr.